# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| WESTON MCLACHLAN and PATTY MCLACHLAN, on behalf of themselves and on behalf of the minor child, W.M., <br><br> Plaintiffs, <br><br> v. <br><br> GRANITE SCHOOL DISTRICT; SHERRI BRANCH, an individual and Vice Principal at Eisenhower Jr. High; BRENDA ZIMMERMAN, an individual and former intern Vice Principal at Eisenhower Jr. High; MARK ELLERMEIER, an individual and Principal at Eisenhower Jr. High; and JOHN DOES 1-25, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RULE 35 EXAMINATION OF PLAINTIFF** <br><br> Case No. 2:16-cv-00405-CW-PMW <br><br> **District Judge Clark Waddoups** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants' Motion for Rule 35 Examination of Plaintiff (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is

---

[1] *See* docket no. 21.

[2] *See* docket no. 30.

not necessary and will determine the motion on the basis of the written memoranda. *See*
DUCivR 7-1(f).

Defendants move this court for an order compelling Plaintiff W.M. to submit to a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Specifically, the Defendants seek to have their expert, Dr. Mickle South assess W.M. for autism.[3] In relevant part, Rule 35 provides:

> (a) Order for an Examination.
>
> > (1) *In General*. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1)-(2). The decision to grant a Rule 35 examination is within the discretion of the trial court.

> Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements . . . are necessarily related.

*Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964). The Tenth Circuit "reviews discovery decisions pertaining to Rule 35 examinations for an abuse of discretion." *Herrera v. Lufkin Indus.*, 474 F.3d 675, 688 (10th Cir. 2007).

---

[3] *See* docket no. 30 at 3.

2

Although the complaint alleges "mental and emotional injury" caused by "[t]he actions and inactions of defendants,"[4] Plaintiffs have not asserted W.M.'s autism diagnosis "either in support of or in defense of a claim." *Schlagenhauf*, 379 U.S. at 119. However, Defendants argue that W.M.'s autism diagnosis was put "in controversy," not in the pleadings, but when the Plaintiffs submitted a Rule 26 expert report which summarizes the diagnosis.[5] Defendants cite no case law in support of their argument that a party's mental condition can be put "in controversy" by an expert report where the mental condition is not asserted in support of a claim. However, whether W.M.'s autism diagnosis is properly "in controversy" is immaterial to the analysis, because the court concludes that the Defendants have not established the "good cause" requirement of Rule 35.

The Motion was filed over a year after Defendants were put on notice that Plaintiffs alleged mental and emotional injury, and several months after all applicable deadlines have passed. The complaint in this action was first filed in state court in April 2016. The deadline for fact discovery was February 10, 2017, more than five months ago. Defendants argue that they did not seek a mental examination of the W.M. during fact discovery because the autism diagnosis is "simply not relevant to the legal claims raised in this lawsuit."[6]

Instead, Defendants assert that they sought a mental examination only after the Plaintiffs' expert report was submitted, which, according to Defendants, first put W.M.'s autism diagnosis in controversy. The Plaintiffs' expert report was submitted on May 31, 2017. Defendants have

---

[4] *See* Complaint, docket no. 2, exh. 1 at 15-19.

[5] *See* docket no. 30 at 2.

[6] Docket no. 34 at 2.

known the contents of Plaintiffs' expert report since May 31, 2017. Even if the court accepts Defendants' argument that W.M.'s autism diagnosis was not put in controversy until the submission of Plaintiffs' expert report, Defendants have failed to explain their two-month delay in requesting an order for a Rule 35 examination. It is not lost on the court that the Defendants moved for, and received, an extension until July 19, 2017, to submit their expert counter report. Yet, inexplicably, Defendants waited until August 1, 2017 to file the Motion.

Generally, the Federal Rules of Civil Procedure provide for expansive discovery regarding "any nonprivilged matter that is relevant to any party's claim or defense," as long as it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, however, Defendants have not provided any justification for bringing the Motion so far beyond the expiration of applicable deadlines. Defendants have failed to adequately demonstrate good cause why a Rule 35 examination should be ordered now.

Finally, Defendants moved this court for the first time in their reply memorandum to order in limine that Plaintiffs refrain from referring to W.M. as having autism, Asperger's, or PTSD in this litigation. Pursuant to Pursuant to civil rule 7-1(b) of the Rules of Practice for the United States District Court for the District of Utah, "[n]o motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document." DUCivR 7-1(b)(1)(A). Therefore, the court declines to rule on Defendants' motion in limine contained in the reply memorandum.

For the foregoing reasons, Defendants' Motion for Rule 35 Examination of Plaintiff is hereby DENIED.

IT IS SO ORDERED.

DATED this 12th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge