SCOTT D. CHENEY (6198)
RACHEL GEORGE TERRY (10769)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
Attorneys for Defendants
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: scheney@agutah.gov
       rachelterry@agutah.gov

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESTON MCLACHLAN and PATTY MCLACHLAN, on behalf of themselves and on behalf of the minor child, W.M., <br><br> Plaintiffs, <br><br> v. <br><br> GRANITE SCHOOL DISTRICT; SHERRI BRANCH, an individual and Vice Principal at Eisenhower Jr. High, BRENDA ZIMMERMAN, an individual and former intern Vice Principal at Eisenhower Jr. High, MARK ELLERMEIER, an individual and Principal at Eisenhower Jr. High and JOHN DOES 1-25. <br><br> Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE** <br><br><br> Case No. 2:16-cv-00405 <br><br> Judge Clark Waddoups <br> Magistrate Judge Paul M. Warner |

Granite School District and the individual School Defendants, by and through counsel, Scott D. Cheney, Assistant Utah Attorney General, submit this Reply Memorandum in response to Plaintiffs' "Response" memorandum (Doc. 49) and in further support of Defendants' Motion to Exclude Any Evidence of Autism or Any Other Physical or Mental Health Condition (Doc. 40).

## ARGUMENT

**I.      The Alleged Diagnoses of Autism and Adjustment Disorder are Not Relevant to Liability, Credibility, or Damages in this Lawsuit.**

**A. The Diagnoses Are Not Material to Plaintiffs' Due Process Claim.**

Plaintiffs argue that the asserted diagnoses of autism and adjustment disorder are, despite the claims asserted in their complaint, relevant to liability, credibility, and damages. (Doc. 49, p. 2). Evidence is only relevant, however, when it has "any tendency" to make a *fact of consequence* "more or less probable." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Although the standard of relevance is "quite generous," evidence "must, at minimum, advance the inquiry of some consequential fact." *U.S. v. Oldbear,* 568 F.3d 814, 820 (10th Cir. 2009). Evidence advances a consequential fact when it is material and probative. *U.S. v. McVeigh,* 153 F.3d 1166, 1190 (10th Cir. 1998). Evidence is material when it provides a basis for an inference "about an issue that is necessary for a verdict," an element of Plaintiff's claims. Evidence is probative when it

2

makes a fact of consequence "more probable than it would be without the evidence." *Id.* (quoting Fed. R. Evid. 401, Adv. Comm. Notes (1972 Proposed Rules)).

For each of Plaintiffs' claims, the consequential facts at issue pertain to whether School Defendants had a rational basis for suspending W.M. Evidence is therefore material only if helps a fact-finder draw an inference about decisions to suspend and W.M.'s. suspension-related conduct.

Plaintiffs have offered no argument for how W.M.'s alleged autism is material to any of their claims. The post-litigation diagnoses allegedly occurred two years after W.M. was temporarily suspended, and, obviously unbeknownst to any of the school officials (or Plaintiffs) at the time, simply could not have been a factor in School Defendants' disciplinary decisions.

**B. There is No IDEA Claim Asserted in this Lawsuit.**

While Plaintiffs fail to relate W.M.'s diagnoses to a fact of consequence on their Federal Constitution, Utah Constitution, and negligence claims, they argue evidence of autism is relevant to a claim under the Individuals with Disabilities Education Act (IDEA), a claim their Complaint does not assert, and which Plaintiffs have not previously pursued. (Doc. 49, p. 4). Despite there being no cause of action rooted in IDEA, no fact allegations of W.M.'s being "disabled" in

3

any way, and despite silence in the Complaint as to any claim of relief – equitable or monetary – due to an alleged IDEA violation, Plaintiffs now argue they have properly pled an IDEA claim because they referred to the IDEA in their Notice of Claim. *See* Compl. Ex. A. Plaintiffs did not, however, include an IDEA claim in the body of their complaint, and have not even asserted the "labels, conclusions, or a formulaic recitation" of the elements of an IDEA claim. Therefore, Plaintiffs' complaint does not state a plausible IDEA claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, (2007). *See also, Carrasco v. New Mexico Dept. of Workforce Services,* No. 10-0999-MCA, 2013 WL 12092509 *11 (D. N.M. Mar. 19, 2013) (unpublished) ("The Complaint does not state a claim concerning Plaintiff's salary grade, and therefore the [salary chart] in question does not make a fact of consequence to this case more or less probable."); *BTG Intern. Ltd. V. Kappos,* No. 1:12-cv-00682-AJT, 2012 WL 6082910, n. 12 (E.D. Va. Dec. 6, 2012) (unpublished) ("'facts of consequence' . . . are determined with reference to the claim set forth in the Complaint."); *Rosario v. Labor Ready Southeast, Inc.,* NO. 14-21496-Civ-Lenard*,* 2015 WL 12086100 *7 (S.D. Fla. Aug. 31, 2015) (unpublished) ("[Because the] Complaint fails to sufficiently plead successor liability, evidence concerning successor liability is irrelevant"). Accordingly,

W.M.'s condition is not a "fact of consequence" to any claim actually asserted in this lawsuit, and therefore reference to W.M.'s alleged condition is inadmissible.

### C. Mental Illness is Not Relevant to Credibility; Nor is W.M.'s Credibility in Issue.

Plaintiffs also argue the late diagnoses are relevant to W.M.'s credibility because some of the characteristics may make him "unbelievable" or "unrelatable" to a jury. (Doc. 49, p. 3). Yet, evidence of mental illness is relevant to credibility "only when it may reasonably cast doubt on the ability or willingness of a witness to tell the truth." *U.S. v. Hargrove*, 382 Fed. App'x. 765, 776 (10th Cir. June 16, 2010) (unpublished) (quoting *U.S. v. Smith*, 77 F.3d 511, 516 (D.C. Cir. 1996)); *U.S. v. Butt*, 955 F.2d 77, 82-83 (1st Cir. 1992) (explaining mental "instability" is relevant to credibility only where the witness has "a severe illness, such as schizophrenia, that dramatically impair[s] her ability to perceive and tell the truth"). In *Hargrove,* the court found a witness's anxiety disorder irrelevant to credibility because it did not dramatically impair her ability to tell the truth. *Hargrove,* 382 Fed. App'x at 776.

W.M.'s diagnoses do not reasonably cast doubt on his ability or willingness to tell the truth. According to Plaintiffs, W.M. was diagnosed with "adjustment disorder with mixed anxiety," and "autism spectrum disorder, without accompanying intellectual impairment [or] language impairment." (Doc. 49, p. 2).

5

There is no evidence these diagnoses would dramatically affect W.M.'s ability to tell the truth. Instead, they resemble the anxiety disorder in *Hargrove*, as they involve no intellectual or language impairment that would affect credibility. Furthermore, W.M.'s credibility is not at issue. He was not deposed, and none of his testimony, other than that verified and observable on video exhibits, forms the basis for Defendants' arguments or Plaintiffs' claims. *See* Doc. 44-1, Ex. 8, 9. The alleged diagnoses are therefore irrelevant to W.M.'s credibility.

### D. W.M.'s Condition is Not Relevant to Damages

Plaintiffs further argue W.M.'s adjustment disorder diagnosis is relevant to damages, specifically "to establish some of the consequences he suffered from defendants' actions." (Doc. 49, p. 4). Plaintiffs do not argue W.M.'s autism diagnosis is a consequence of Defendants' actions, and therefore that diagnosis is not relevant to damages. Furthermore, the adjustment disorder diagnosis is not relevant to liability because it came after W.M.'s suspension, and thus cannot make it more likely W.M.'s prior suspension violated due process. Therefore, the alleged diagnoses are inadmissible on the issue of liability.

W.M.'s diagnoses are irrelevant because they do not make it more or less likely W.M.'s suspension was improper. The diagnoses are not relevant to any existing IDEA claim because no such claim was pled, and are not relevant to

W.M.'s credibility because they do not impair his ability to tell the truth. Finally, W.M.'s autism diagnosis is not relevant to damages because it is not a consequence of his suspension, or a factor in School Defendants' decision to suspend W.M.

## II. The Prejudicial Effects of W.M.'s Diagnoses Substantially Outweigh Their Probative Value

A court may exclude relevant evidence if its risk of unfairly prejudicing, confusing, or misleading a jury substantially outweighs its probative value. Fed. R. Evid. 403. This happens when evidence "suggest[s] to the jury that it should render its findings 'on an improper basis [such as] . . . an emotional one.'" *U.S. v. Jordan,* 485 F.3d 1214, 1218 (10th Cir. 2007). The low probative value of W.M.'s diagnoses is substantially outweighed by the risk that reference to his condition will mislead a finder of fact to consider as relevant improper, nonprobative information. The 10th circuit and sister district courts have excluded low probative value, medical condition evidence, in similar cases. *See, e.g., U.S. v. Hargrove*, 382 Fed. App'x. 765, 776 (10th Cir. 2010) (unpublished) (finding evidence of mental illness only probative when it "reasonably cast[s] doubt" on a witness's truth-telling ability); *Carrasco v. New Mexico Dept. of Workforce Services,* No. 10-0999-MCA, 2013 WL 12092509 *11 (D. N. M. Mar. 19, 2013) (explaining evidence is not probative if it does not relate to a claim stated in Plaintiff's complaint).

Plaintiffs argue a jury may permissibly conclude Defendants violated W.M.'s due process rights by insufficiently responding to Patty McLachlan's alleged conversation noting that W.M., in elementary school, had other incidents involving "behavioral difficulties." (Doc. 49, pg. 6; Doc. 48, pg. 4). According to Plaintiffs, Defendants therefore had notice W.M. "had at least some special needs." (Doc. 49, pg. 6). This is an improper basis, however, because whether the school Defendants had notice of W.M.'s then undiagnosed disorder has nothing to do with whether W.M.'s suspensions from Junior High violated due process. The proper standard for challenging a suspension is whether the decision was "arbitrary, lacking a rational basis, or shocking to the conscience," and the fact-finder's job is to evaluate Defendants' actions under this standard. *Butler v. Rio Rancho Pub. Sch. Bd. of Educ.,* 341 F.3d 1197, 1200-01 (10th Cir. 2003). Whether Defendants had notice of W.M.'s previously undiagnosed disorders is not a factor in whether the suspensions were arbitrary, because the issue is whether Defendants provided W.M. and his parents notice and an opportunity to be heard. Because testimony of W.M.'s yet unsubstantiated and after-the-fact diagnoses improperly prejudices the fact finder and, at minimum, would confuse the issues. The likelihood of prejudicial effect substantially outweighs any minimal probative value of such testimony.

W.M.'s diagnoses are substantially more prejudicial than probative because numerous cases demonstrate their low probative value, and they are not material or relevant to the standard for evaluating Plaintiffs' due process claims, and therefore, any such evidence should be excluded from this litigation.

Defendants ask the Court to grant their Motion to Exclude Any Evidence of Autism or Any Other Physical or Mental Health Condition. W.M.'s mental health diagnoses should be excluded as irrelevant and unfairly prejudicial because their low probative value is substantially outweighed by the risk they will distract from proper evaluation of Plaintiffs' due process claims.

DATED January 5, 2018

OFFICE OF THE UTAH ATTORNEY GENERAL

/s Scott. D. Cheney
SCOTT D. CHENEY
RACHEL GEORGE TERRY
Assistant Utah Attorneys General
*Attorneys for Defendants*